UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| EUGENE GOBLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CLARK TAYLOR, *Warden*, )<br>)<br>Respondent. ) | Civil No. 14-58-ART-REW<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Eugene Goble filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  R. 1.  On initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Judge Robert E. Wier found the petition to be untimely.  *See* R. 2 at 1. Judge Wier then provided Goble with "fair notice and an opportunity" to present his position, *Day v. McDonough*, 547 U.S. 198, 210 (2006), by allowing him to demonstrate that his petition should not be dismissed as untimely.  *Id.*  Goble filed a response to Judge Wier's Order, R. 8, and Warden Clark Taylor replied to Goble's response, R. 11.  In a Recommended Disposition, Judge Wier concluded that Goble's petition was untimely and recommended that this Court dismiss the petition with prejudice.  R. 12.  Judge Wier also recommended that the Court deny a certificate of appealability.  *Id.*  Goble timely objected to Judge Wier's Recommended Disposition.  R. 13.  After reviewing Goble's objections *de novo*, the Court adopts Judge Wier's Recommended Disposition and denies Goble's petition.

## BACKGROUND

The Court provides a brief summary of the facts as Judge Wier's Recommended Disposition has ably recounted the background of the case. *See* R. 12. On September 15, 1992, a Kentucky jury convicted Goble on one count of rape, two counts of incest, two counts of sodomy in the first degree and two counts of sodomy in the third degree. R. 1 at 1; R. 11-2 at 2. Goble was sentenced to three concurrent life sentences on the rape count and first-degree sodomy counts, and a thirty-year sentence on the incest and remaining sodomy counts, to be served concurrently with the life sentences. R. 11-2 at 2–4. The Kentucky Supreme Court affirmed his conviction, except it reversed and remanded on one count of incest. *Goble v. Commonwealth*, 93-SC-88-MR (Ky. Oct. 28, 1993) (unpublished), R. 11-2 at 9–21. The Commonwealth did not retry Goble on that count. *See* R. 11 at 2.

On September 22, 1997—close to four years after the Kentucky Supreme Court denied Goble's direct appeal—Goble submitted a petition for state post-conviction relief. R. 11-2 at 22. The trial court denied Goble's petition in 2000, and Goble did not appeal. *Id.* at 47, 52.

Goble waited another eleven years before making his next post-conviction move. Then, in October 2011, Goble filed a motion for relief from judgment pursuant to Kentucky Rule of Civil Procedure 60.02. R. 11-2 at 54–60. The trial court denied the motion as untimely, the Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review. R. 11-2 at 61–64; *see also Goble v. Commonwealth*, No. 2012-CA-000349-MR, 2013 WL 1488828 (Ky. Ct. App. Apr. 12, 2013) (unpublished).

Now moving with great haste, Goble filed his petition for a writ of habeas corpus, 28 U.S.C. § 2254, on April 15, 2014. R. 1. In his petition, Goble contends that his conviction

was not supported by sufficient evidence and that the trial court denied his right to present DNA evidence. *See id.*

## DISCUSSION

AEDPA imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. The limitations period begins to run from the latest of four possible dates: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review"; (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; and (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D).

Because Goble did not file a petition for certiorari in the United States Supreme Court following the Kentucky Supreme Court's denial of relief on direct review, Goble's judgment became final "when the time for pursuing direct review in th[e] [Supreme] Court . . . expire[d]." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Goble had ninety days from October 28, 1993, the date of the Kentucky Supreme Court's decision, to file a petition for certiorari. Sup. Ct. R. 13.1. That means Goble's judgment was final on January 26, 1994. *See* 28 U.S.C. § 2244(d)(1)(A). Because Goble's judgment was final before the passage of AEDPA, his limitations period started on the date of AEDPA's enactment: April 24, 1996. Beginning on that day, Goble had one year to file his federal habeas petition. *See Searcy v.*

*Carter*, 246 F.3d 515, 517 (6th Cir. 2001) ("Petitioners whose convictions became final prior to the effective date of AEDPA, April 24, 1996, have one year from the effective date in which to file their petitions."). Goble did not file his petition within one year of April 24, 1996, or within five, ten or fifteen years of that date. Goble waited until April 4, 2014, to file his federal habeas petition, close to seventeen years after the expiration of the statute of limitations.

Judge Wier concluded that Goble's petition was untimely because Goble filed his petition more than one year after the conclusion of his direct review. R. 12 at 1. Judge Wier rejected Goble's argument that a 2013 amendment to Kentucky statute ("KRS") § 422.285, which expanded DNA testing to non-capital offenses, was a new "factual predicate" restarting the limitations period under § 2244(d)(1)(D). *Id.* at 7–8. Judge Wier also concluded that Goble could not take advantage of equitable tolling or the actual-innocence exception to escape the statute of limitations. *Id.* at 8–16. Goble then filed the following timely objections to Judge Wier's recommended disposition: (1) the statute of limitations period started on the enactment date of the amendment to KRS § 422.285, *see* 28 U.S.C. § 2244(d)(1)(D); (2) the statute of limitations does not apply because he is actually innocent; and (3) the statute of limitations should be equitably tolled. The Court makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Because Goble's objections are without merit, the Court adopts Judge Wier's Recommended Disposition.

4

I.  **Amendment to KRS § 422.285**

Goble contends that the relevant starting point for the statute of limitations is the 2013 amendment[1] to KRS § 422.285, which expanded access to DNA testing for defendants convicted of non-capital offenses. *See* Ky. Rev. Stat. Ann. § 422.285 (West 2013); R. 13 at 3. The pre-2013 version of KRS § 422.285 applied only to capital cases. Goble contends that DNA testing would establish that he is innocent of the rape count. R. 13 at 6. Relying on § 2244(d)(1)(D), Goble asserts that the amendment of KRS § 422.285 is a "factual predicate," which could not have been discovered with "due diligence" until its enactment. *See* 28 U.S.C. § 2244(d)(1)(D). As a result, Goble says, his petition is timely as he filed it within one year of the amendment of KRS § 422.285.

As Goble recognizes, § 2244(d)(1)(D) is only available where the petitioner discovers a new "factual predicate of the claim." The "factual predicate of the claim" applies to facts necessary to stating a plausible claim to relief in the habeas petition. *See McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007) ("[T]he 'factual predicate' of a petitioner's claims constitutes the 'vital facts' underlying those claims."); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) ("The facts vital to a habeas claim are those without which the claim would necessarily be dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts . . . or Rule 12(b)(6) of the Federal Rules of Civil Procedure."). The factual predicate must be more than "new information . . . that merely supports or strengthens a claim." *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (internal quotation marks omitted). Changes in substantive law, like the enactment of a statute, generally are not

---

[1] Westlaw lists the effective date of the statute as June 25, 2013. *See* KRS § 422.285 (West 2013). Goble's petition says that the relevant date is March 22, 2013, which is when the Governor signed the amendment to § 422.285. *See* Chapter 77, HB 41, http://www.lrc.ky.gov/Statrev/ACTS2013RS/0077.pdf. The Court need not determine what date is more appropriate because in either case Goble's argument fails.

5

facts supporting a claim. Indeed, the Courts of Appeals faced with this question have agreed that a "factual predicate" must involve, as the name suggests, the discovery of new facts, not an abstract change in substantive law. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) (holding that "a state court decision modifying substantive law" does not constitute a factual predicate under § 2244(d)(1)(D)); *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) ("If a change in (or clarification of) state law, by a state court, in a case in which [the defendant] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless."); *Dixon v. Wachtendorf*, 758 F.3d 992, 993 n.4 (8th Cir. 2014) ("A legal decision in this circumstance is generally not a 'factual predicate' as described in § 2244(d)(1)(D)."). Moreover, the Supreme Court, while not directly confronting the issue, explained that § 2244(d)(1)(D) applies to cases "in which *new evidence* 'could have been discovered through the exercise of due diligence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting 28 U.S.C. § 2244(d)(1)(D)) (emphasis added).

The Sixth Circuit's interpretation of § 2244(d)(1)(D)'s federal counterpart, § 2255(f)(4), is instructive. Under § 2255(f)(4), the statute-of-limitations period for a petition challenging a federal conviction may begin from the date "on which the *facts* supporting the claim . . . could have been discovered." 28 U.S.C. § 2255(f)(4) (emphasis added). Section 2255(f)(4) is "directed at the discovery of new facts, not newly-discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013); *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (en banc) (collecting cases under both § 2255(f)(4) and § 2244(d)(1)(D)). While § 2255(f)(4) uses similar, but not identical, language as § 2244(d)(1)(D), courts have interpreted the provisions of § 2255(f) and § 2244(d)(1) in tandem. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001); *Whiteside*,

6

775 F.3d at 183 n.2. Applying *Phillips* to § 2244(d)(1)(D) supports the conclusion that "newly-discovered law" cannot restart the limitations period for a § 2254 petition; only new facts may do so.

Goble does not point to any new evidence or facts, but rather a new law: the amendment to KRS § 422.285. That amendment, however, does not change any *facts* related to Goble's convictions. It does not call into question any evidence from Goble's trial: the amendment, standing alone, is not DNA evidence; it is not a witness recanting his trial testimony; it is not new *Brady* material. Instead, the amendment allows Goble to, perhaps, more easily obtain DNA testing. That change in Kentucky law has "no direct effect on [Goble's] legal status." *Newland*, 410 F.3d at 1089; *Whiteside*, 775 F.3d at 183 ("[A] relevant legal rule is not [a fact]."). KRS § 422.285 only "establish[ed] an abstract proposition of law arguably helpful to petitioner's claim." *Newland*, 410 F.3d at 1089. That alone is not a "factual predicate" of Goble's habeas claims.

Goble also cannot find relief in *Johnson v. United States*, 544 U.S. 295 (2005). *Johnson* held that the "vacatur of a prior state conviction used to enhance a federal sentence can start the 1-year limitation period" under § 2255(f)(4). 544 U.S. at 302. In that specific situation, the prior conviction was a "fact" used by the district court in determining the relevant sentence. *Id.* No similar circumstances exist at bar. The amendment of KRS § 422.285 did not alter any facts used in Goble's sentence or conviction. Consequently, Goble may not use § 2244(d)(1)(D) to reset his statute of limitations.

**II.   Actual-Innocence Exception**

Goble argues that the actual-innocence exception to the limitations period allows adjudication of the merits of his petition. R. 13 at 6–7. The actual-innocence exception (also

referred to as the miscarriage of justice exception) "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Goble cannot enter the actual-innocence gateway for one simple reason: he has no new evidence. Rather, Goble speculates that *if* he received a DNA test then, maybe, those results would exonerate him. R. 8 at 4 ("[T]he results of the requested DNA testing *would be* new evidence." (emphasis added)). Pure speculation of actual innocence is not what the "rare" actual-innocence gateway requires. *McQuiggin,* 133 S. Ct. at 1928. Rather, the gateway requires new evidence. Without any new evidence, Goble cannot meet the requirements of the actual-innocence exception.

Furthermore, the DNA testing that Goble seeks would not establish his actual innocence. Goble seeks DNA from his daughter's child to prove that he was not the father. *See* R. 1 at 7. Goble's convictions, however, did not depend on that fact. Those convictions stemmed from sexual acts with four of his six children, which several of his children testified about at trial. *See Goble v. Commonwealth*, 93-SC-88-MR (Ky. Oct. 28, 1993) (unpublished), R. 11-2 at 9–13. With regard to his daughter's child, Goble's daughter gave up the child for adoption and testified that, while she was not certain who fathered the child, she did have sexual intercourse with Goble. R. 11-2 at 7–8 (trial transcript). Goble does not object to Judge Wier's conclusion that the jury did not have to find that Goble was the father of his grandchild to convict Goble on any of the counts. *See* R. 12 at 12. Because the jury was already aware that Goble may not have been the father of the child and had testimony from the other children regarding various sexual acts involving Goble, DNA evidence

8

establishing that Goble was in fact not the father would not make it "more likely than not that no reasonable juror would have convicted" Goble. *McQuiggin*, 133 S. Ct. at 1933 (internal quotation marks omitted).

### III. Equitable Tolling

To understand whether Goble is entitled to equitable tolling, one must begin with the arguments he raises in his petition. Goble seeks relief on two grounds: (1) that there was insufficient evidence for his conviction because he is actually innocent and (2) that the trial court denied his right to present DNA evidence. *See* R. 1; R. 8. For Goble to receive the benefit of equitable tolling for failure to timely raise those arguments, he must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) ("The party seeking equitable tolling bears the burden of proving he is entitled to it."). In his objections to Judge Wier's disposition, Goble makes no attempt to demonstrate diligence in pursuing his rights or extraordinary circumstances preventing him from raising his arguments earlier. Goble cursorily refers to the allegedly limited resources of the law library at the prison, but then acknowledges that the library had three computers each with access to Lexis-Nexis. R. 13 at 8. Access to a fully functional legal research database does not constitute an extraordinary circumstance or establish Goble's diligence. *See Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) ("[T]o qualify as 'extraordinary circumstances,' the petitioner must show more than just his status as pro se or his limited access to a law library."). Indeed, prisoners, without the assistance of a lawyer, routinely file timely federal habeas petitions, and Goble does not

9

explain why he needed seventeen years to discover the availability of federal habeas. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."). Goble also asserts that "his case has not prejudiced the State in its ability to respond to his raised claims." R. 13 at 5. But the fact that Kentucky may not be prejudiced from Goble's late filing is not a sufficient condition for equitable tolling. Without any facts showing his diligence or an extraordinary circumstance, Goble cannot obtain the "rare" remedy of equitable tolling. *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

## CONCLUSION

Goble is not entitled to habeas relief as he filed his habeas petition outside the one-year statute of limitations. Because reasonable jurists would not "find it debateable" that Goble's petition was untimely, Goble is not entitled to a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (requiring petitioner to show that "jurists of reason" would find debateable both whether the district court's procedural ruling was correct and whether the petitioner had a valid constitutional claim).

Accordingly, it is **ORDERED** that:

(1) The Court **OVERRULES** Goble's objections, R. 13, and **ADOPTS** Judge Wier's Recommended Disposition, R. 12.

(2) Goble's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, R. 1, is **DENIED**.

(3) No certificate of appealability shall issue in this case.

(4) The Court will issue a separate judgment.

This the 19th day of February, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge